IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, et al.<br><br>        Plaintiffs,<br><br>    v.<br><br>DUBIN PAPER CO.,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 11-7137 (JBS)(KMW)<br><br><br>        **OPINION** |

APPEARANCES:

R. Matthew Pettigrew, Jr.
MARKOWITZ & RICHMAN
1100 North American Building
121 South Broad Street
Philadelphia, PA 19107
    Attorney for Plaintiffs

**SIMANDLE**, Chief Judge:

I.    **INTRODUCTION**

This matter comes before the Court on Plaintiffs Teamsters

Health & Welfare Fund of Philadelphia and Vicinity & Teamsters

Pension Fund of Philadelphia and Vicinity's ("Plaintiffs") motion

for default judgment, filed pursuant to Fed. R. Civ. P. 55(b)(2).

[Docket Item 6.]  For the reasons expressed below, the Court will

grant Plaintiffs' motion for default judgment and award a default

judgment of $72,953.22.

## II.  BACKGROUND

### A. Facts[1]

Plaintiffs, Teamsters Health & Welfare Fund of Philadelphia and Vicinity ("Health Fund") and Teamsters Pension Fund of Philadelphia and Vicinity ("Pension Fund"), are multi-employer benefit funds within the meaning of Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5), and Section 3(3) and 3(7) of the Employee Retirement Income Security Act ("ERISA"). Complaint ¶ 4.  Plaintiffs receive and administer contributions from various contractors who are obligated to make contributions based on collective bargaining agreements with various local unions affiliated with the International Brotherhood of Teamsters, including Local 107 ("the Union").  Id.  Plaintiffs' offices are located in New Jersey.  Id.

Defendant, Dubin Paper Co., is a Pennsylvania corporation.  Id. at ¶ 5.  Defendant's employees who are represented by the Union are participants in and beneficiaries of the Health and Pension Funds. Id. at ¶ 6.  Defendant is party to a collective bargaining agreement with the Union ("the Collective Bargaining Agreement" or "the Agreement"), and the Agreement requires Defendant to make timely

---

[1] The following facts are alleged in the Complaint and, as Defendant is currently in default, are taken as true for the purposes of this motion.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

2

monthly contributions to the Health and Pension Funds for each full hour worked by each employee.  Id. at ¶¶ 7-8.  Liquidated damages in the amount of 10% are imposed on late payments.  [Docket Item 1, ¶ 14.]  In 2011 and 2012, Defendant failed to make contributions and pay liquidated damages to the Health and Pension Funds in the total amount of $69,649.14, which includes:

| | |
|---|---|
| 2011 Health Fund liquidated damages | $11,112.87 |
| 2011 Pension Fund liquidated damages | $19,304.15 |
| 2012 Health Fund contributions | $14,979.65 |
| 2012 Health Fund liquidated damages | $1,497.96 |
| 2012 Pension Fund contributions | $20,685.92 |
| 2012 Pension Fund liquidated damages | $2,068.59 |

Summ. of Audit Results, Attached as Ex. A to Pls.' Mot. Default J.

**B. Procedural History**

On December 8, 2011, Plaintiffs filed a Complaint against Defendant alleging claims for breach of the Collective Bargaining Agreement and violations of Section 515 of ERISA, 29 U.S.C. § 1145. [Docket Item 1, ¶¶ 10-20.]  Defendant was served on December 19, 2011 [Docket Item 4], but has failed to respond.  On March 8, 2012, Plaintiffs filed a request for default, which the Clerk of the Court entered.  [Docket Item 5.]

Plaintiffs then moved for default judgment.  [Docket Item 6.] Plaintiffs seek unpaid fringe benefit contributions, liquidated damages, and attorney's fees and costs from Defendant.  Id. at ¶ 3.

On June 26, 2012, the Court granted Plaintiffs fourteen (14) days to file an amended proof of service showing that service upon the Defendant was adequate.  [Docket Item 7.]  Plaintiffs filed a certificate of service on July 2, 2012.  [Docket Item 8.]

## III. STANDARD OF REVIEW

Fed. R. Civ. P. 55(b)(2) authorizes the entry of a default judgment against a party that has failed to answer or otherwise respond to the pleadings.  Pursuant to Rule 55, obtaining a default judgment is a two-step process.  First, when a defendant has failed to plead or otherwise defend, the Clerk of the Court must enter the party's default.  See Fed. R. Civ. P. 55(a).  Second, a plaintiff may then obtain a default judgment by either: (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court.  See Fed. R. Civ. P. 55(b).  The decision about whether default judgment is proper "is left primarily to the discretion of the district court." Malik v. Hannah, 661 F. Supp. 2d 485, 490 (D.N.J. 2009) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984)).

Once a defendant has defaulted, the Court must take as true the factual allegations of the complaint, except those relating to the amount of damages.  DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 n.6 (3d Cir.2005) (citing Comdyne I, 908 F.2d at 1149).  Entry of default judgment where damages are not a sum certain requires an application

4

to the Court to prove, <u>inter alia</u>, damages.   Fed. R. Civ. P. 55(b)(2);
<u>Comdyne</u>, 908 F.2d at 1149.   Furthermore, liability is not
established by default alone.   <u>D.B. v. Bloom</u>, 896 F. Supp. 166, 170
n.2 (D.N.J. 1995) (citing 10 C. Wright, A. Miller & M. Kane, Federal
Practice and Procedure, § 2681 (2d ed. 1983)).

**IV.  DISCUSSION**

      Before granting a default judgment, the Court must determine
(1) whether there is sufficient proof of service, <u>Gold Kist, Inc.</u>
<u>v. Laurinburg Oil Co., Inc.</u>, 756 F.2d 14, 19 (3d Cir. 1985); (2)
whether a sufficient cause of action was stated, <u>Chanel, Inc. v.</u>
<u>Gordashevsky</u>, 558 F. Supp. 2d 532, 535 (D.N.J. 2008); and (3) whether
default judgment is proper, <u>Chamberlain v. Giampapa</u>, 210 F.3d 154,
164 (3d Cir. 2000).

      **A. Sufficiency of Proof of Service**

      Before a court can enter default judgment against a defendant,
it must find that process was properly served on the defendant.   <u>Gold</u>
<u>Kist, Inc.</u>, 756 F.2d at 19.

      Defendant, Dubin Paper Co., is a corporation.   A corporation
may be served in the United States "by delivering a copy of the summons
and of the complaint to an officer, a managing or general agent, or
any other agent authorized by appointment or by law to receive service
of process."   Fed. R. Civ. P. 4(h)(1)(B).   Frank Dubin, President
of Dubin Paper Co., was personally served on December 19, 2011.   <u>See</u>

Pl.'s Certification of Service.  Therefore, process was properly served on Defendant.

**B. Sufficiency of Causes of Action**

The next issue is whether Plaintiffs have stated a sufficient cause of action.  See Chanel, 558 F.Supp. 2d at 535.  As will be explained below, the Court determines that Plaintiffs have established Defendant's liability for the purposes of this default judgment motion.

1. <u>Breach of the Collective Bargaining Agreement</u>

In their Complaint, Plaintiffs assert a claim for breach of contract based on Defendant's breach of the Collective Bargaining Agreement.  In order to prevail on a breach of contract claim in New Jersey, a plaintiff must prove: (1) that a contractual relationship existed with the defendant; (2) that the defendant breached the contract; and (3) that the plaintiff suffered damages.  <u>AT & T Credit Corp. v. Zurich Data Corp.</u>, 37 F. Supp. 2d 367, 370 (D.N.J. 1999).

Here, Plaintiffs have alleged: (1) that there was a contractual relationship based on the Collective Bargaining Agreement, Complaint, ¶¶ 7-8; (2) that Defendant breached the agreement by failing to make timely contributions into the Funds on a monthly basis, Mot. Entry Default J. and Certification, ¶ 10; and (3) that Plaintiff suffered damages in the amount of $69,649.14, <u>Id.</u> at ¶ 10. Therefore, Plaintiffs have sufficiently alleged a cause of action

6

for breach of contract to establish Defendant's liability for the purposes of this default judgment.

### 2. <u>Violations of ERISA</u>

In their Complaint, Plaintiffs have also asserted a claim for violation of ERISA resulting from Defendant's breach of the Collective Bargaining Agreement.  ERISA, 29 U.S.C. § 1145, provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

<u>Id.</u>  Furthermore, ERISA, 29 U.S.C. § 1132(g)(2), provides that:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>   (i) interest on the unpaid contributions, or
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

<u>Id.</u>

In this case, Plaintiffs allege that they have brought this suit to enforce payment of delinquent employer contributions pursuant to

7

29 U.S.C. § 1145.   Complaint, ¶¶ 18-21.   Plaintiffs also claim that the liquidated damages sought are 10% of the amount of the late payments, which is provided for in the Collective Bargaining Agreement.   Id. at ¶ 9.   Since the liquidated damages are provided for under the plan and are not in excess of 20 percent, this amount is acceptable under ERISA.   Plaintiffs further allege that they are entitled to reasonable attorney's fees in the amount of $2,887.50 and costs in the amount of $416.58 pursuant to 29 U.S.C. § 1132(g)(2)(D).   Mot. Entry Default J. and Certification, ¶¶ 11-12.

Therefore, Plaintiffs have stated a sufficient cause of action under ERISA to establish Defendant's liability for the purposes of this default judgment.

**C. Default Judgment: The Emcasco Factors**

Prior to entering default judgment, the Court must consider and make explicit factual findings as to the three Emcasco factors: "(1) whether the plaintiff will be prejudiced if default is not granted, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's delay was the result of culpable misconduct." Chanel, Inc., 558 F. Supp. 2d at 537 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987)).   The Court finds, as will be discussed below, that default judgment against Defendant is warranted.

First, the Court finds that Plaintiffs have been prejudiced by Defendant's failure to answer and will be further prejudiced if default is not granted.  Specifically, they have been prevented from prosecuting their case, engaging in discovery, and obtaining a final outcome——good or bad——on their claims.  Defendant was properly served six months ago, yet failed to appear or defend the case in any fashion.  As multi-employer benefit funds, Plaintiffs will surely be prejudiced if they are unable to collect unpaid benefit fund contributions and liquidated damages promptly.

Second, the Court also finds that Defendant has no meritorious defenses.  A "meritorious defense" is a defense which, if established at trial, would completely bar a plaintiff's recovery. Foy v. Dicks, 146 F.R.D. 113, 116 (E.D. Pa. 1993).  Because Defendant did not respond, the Court cannot determine whether Defendant had any meritorious defenses.  Nothing in the current record indicates any possible defenses.

Third, the Court finds that Defendant's failure to answer demonstrates Defendant's culpability in its default.  See Slover v. Live Universe, Inc., Civ. No. 08-02645, 2009 WL 606133 *2 (D.N.J. Mar. 9, 2009)(stating that a "[d]efendant is also presumed culpable where it has failed to answer, move, or otherwise respond").  There is nothing before the Court to show that Defendant's failure to file an answer was a result of anything other than willful negligence.

9

See <u>Prudential Ins. Co. of America v. Taylor</u>, Civ. No. 08–2108, 2009 WL 536403 at *1 (D.N.J. February 27, 2009) (citing <u>Chamberlain</u>, 210 F.3d at 164).

Thus, since all three factors weigh heavily in favor of default judgment, the Court finds that Plaintiffs are entitled to default judgment against Defendant.

**D. Remedies**

1. <u>Damages under the Collective Bargaining Agreement and ERISA</u>

The damages alleged in this case are sum certain.  Plaintiffs maintain that Defendants failed to make contributions and pay liquidated damages to the Health and Pension Funds in the total amount of $69,649.14, which includes:

| | |
|---|---|
| 2011 Health Fund liquidated damages | $11,112.87 |
| 2011 Pension Fund liquidated damages | $19,304.15 |
| 2012 Health Fund contributions | $14,979.65 |
| 2012 Health Fund liquidated damages | $1,497.96 |
| 2012 Pension Fund contributions | $20,685.92 |
| 2012 Pension Fund liquidated damages | $2,068.59 |

Mot. Entry Default J. and Certification, ¶10.  The amount of liquidated damages represents 10% of the amount of the late payments, pursuant to the Collective Bargaining Agreement.  Complaint, ¶ 9.

Therefore, the Court will award $69,649.14 in unpaid benefit fund contributions and liquidated damages to Plaintiffs.

2. <u>Costs and Attorney's Fees</u>

In addition to unpaid benefit fund contributions and liquidated damages, Plaintiffs seek attorney's fees in the amount of $2,887.50 and costs in the amount of $416.58.  Mot. Entry Default J. and Certification, ¶¶ 11-12.

The attorney's fees and costs that Plaintiffs have paid towards this litigation can be included in damages.  Pursuant to 29 U.S.C. § 1132(g)(2)(D), the Court shall award attorney's fees and costs for actions brought to enforce 29 U.S.C. § 1145 of ERISA.  The starting point for this Court's determination of reasonable attorney's fees is the lodestar calculation, which is the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate. United Auto. Workers Local 259 Soc. Sec. Dept. v. Metro Auto Ctr., 501 F.3d 283, 290 (3d Cir. 2007).  While the product is a presumptively reasonable fee, it may still require subsequent adjustment.  Id.

A request for fees must be accompanied by "fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." Id. at 291 (quoting Evans v. Port Auth., 273 F.3d 346, 361 (3d Cir.2001)).  "[W]here the documentation of hours is inadequate, the district court may reduce the award accordingly." Id.  (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

While the affidavit submitted by Plaintiff's counsel could have benefited from added specificity, the detail provided does allow the Court to determine whether the attorney's fees and costs claimed were reasonable.  See United Auto. Workers Local 259 Soc. Sec. Dept., 501 F.3d at 291.  The affidavit submitted by Plaintiffs' counsel does substantially comply with Local Civil Rules 54.1 and 54.2.  The affidavit certifies that counsel's fee in this matter is $2,887.50, which represents 10.5 hours of work at a rate of $275.00 per hour. The Court finds that this is a reasonable fee in light of the nature of the case and the services rendered.  See Teamsters Health & Welfare Fund of Phila. & Vicinity v. Cressman Trucking, Inc., Civ. No. 10-6626, 2012 WL 32131 *2 (D.N.J. Jan. 4, 2012); Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc., Civ. No. 11-624, 2011 WL 4729023 *5 (D.N.J. Oct. 5, 2011).

In addition, Plaintiffs' counsel certified that the total costs incurred amounted to $416.58.  This amount includes filing fees, service fees, photocopying, and postage.  The Court finds that the total cost is reasonable and should be awarded to Plaintiffs.

Therefore, attorney's fees in the amount of $2,887.50 and costs in the amount of $416.58 will be awarded to Plaintiffs and included in damages.

**V.    CONCLUSION**

For the foregoing reasons, the Court grants Plaintiffs' motion for default judgment and awards a default judgment of $72,953.22. This amount includes $69,649.14 in unpaid benefit fund contributions and liquidated damages, $2,887.50 in attorney's fees, and $416.58 in litigation costs.  The accompanying Order for default judgment will be entered.


<u>July 24, 2012</u>                    <u>s/ Jerome B. Simandle</u>
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge

13